[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-12857

Non-Argument Calendar

_____

JEROME ELLINGTON,

Plaintiff-Appellant,

*versus*

STATE OF FLORIDA,
CRAIG PARNELL CLENDINEN,
Assistant State Attorney Hillsborough (Circa) 2000,
HARRY LEE COE, III,
The Late Former Judge / State Attorney for Hillsborough County,
MARK F. LEWIS,
Assistant State Attorney Hillsborough (Circa) 2000,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-00587-MSS-AEP

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Jerome Ellington, a former state prisoner proceeding pro se, appeals the district court's *sua sponte* dismissal of his § 1983 complaint against the State of Florida, Assistant State Attorneys Craig Clendinen and Mark Lewis, and the late Honorable Harry Lee Coe, III, for failure to state a claim as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). On appeal, he reasserts that his state convictions and sentences were unconstitutional.

While we hold the allegations of pro se litigants to "less stringent standards than formal pleadings drafted by lawyers," we may not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). An appellant forfeits any argument not briefed on appeal, made in passing, or raised briefly without supporting arguments or authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (collecting cases); *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir.) (en banc).

Here, Ellington has forfeited any argument that the district court improperly found the claim barred by *Heck*. Ellington's argument is no more than a recitation of his original civil rights claims below. Under the most liberal construction, Ellington argues that the district court erred by dismissing his complaint because he was wrongfully prosecuted, his state convictions were unconstitutional, and his wrongful convictions caused him injury. His brief passingly mentions that this Court should hear his appeal "in spite of the Technical Reasons" offered below, but this is not sufficient to preserve a challenge to the district court's *Heck* ruling. Accordingly, we **AFFIRM**.